**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES BENSON, | ) | CASE NO.1:08CV1957 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| KEITH SMITH, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner James Benson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In May 2005, the Cuyahoga County Grand Jury charged Petitioner with one count of Aggravated Murder with a three-year Firearm Specification. Trial commenced on December 5, 2005. On December 16, 2005, the jury found Petitioner not guilty of Aggravated Murder, but guilty of the Lesser Included Offense of Murder and the three-year Firearm Specification. The court immediately sentenced Petitioner to fifteen years to life on Murder and three years on the Firearm Specification, to run prior to, and consecutive with, the underlying conviction for Murder, for a total of eighteen years in prison.

Petitioner timely appealed his conviction and sentence to the Eighth District Court of Appeals. On March 1, 2007, the Court of Appeals affirmed the judgment of the trial court. Petitioner filed a Motion for Reconsideration, which the court denied on March 10, 2007. On May 3, 2007, Petitioner appealed the Court of Appeals decision to the Ohio Supreme Court. On August 29, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.

On July 31, 2008, Petitioner filed a delayed Application for Reopening his Appeal Pursuant to App. Rule 26(B). On September 12, 2008, the Court of Appeals denied Petitioner's 26(B) Application as untimely, finding that Petitioner failed to demonstrate good cause for his late filing. On October 21, 2008, Petitioner appealed the denial of his 26(B) Application to the Ohio Supreme Court. On December 31, 2008, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.

Petitioner filed the instant Petition for a federal Writ of Habeas Corpus in this court on August 13, 2008, asserting the following nine grounds for relief:

**GROUND ONE:** (located on page 5 of the petition): Warrantless arrest of suspects cannot be justified because it could lead to the potential coerced and/or erroneous collection of evidence; and counsel is ineffective for failing to raise the issue in a

2

pre-trial motion. **(This Ground will be referred to as Ground One (A))**

**GROUND ONE:**(located in the attachment): The trial court denied the Defendant-Appellant Due Process of Law under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when it failed to suppress the alleged statements he made while in custody at the Maple Heights Jail and at the CPU. **(This Ground will be referred to as Ground One (B))**

**GROUND TWO:** The Defendant-Appellant was denied Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution when the trial court allowed into evidence opinion and hearsay testimony as to the nature of the relationship between the Defendant-Appellant and Kimberly Benson.

**GROUND THREE:** The trial court denied Defendant-Appellant Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when it failed to instruct the jury on the lesser included offense of reckless homicide.

**GROUND FOUR:** The trial court denied the Defendant-Appellant Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when the trial court denied the motion for acquittal.

**GROUND FIVE:** The Defendant-Appellant was denied Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution by being convicted against the sufficiency of the evidence to sustain a conviction for the crime of murder.

**GROUND SIX:** The trial court denied Defendant-Appellant Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when it improperly instructed the jury on the definition of "purpose."

**GROUND SEVEN:** The trial court denied Defendant-Appellant Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when it allowed cross-examination questioning regarding Sharray McGee and allowed her to testify as a rebuttal witness.

**GROUND EIGHT:** The Defendant-Appellant was denied Due Process of Law under the Fifth, Sixth, Eighth and Fourteenth Amendments of theUnited States Constitution

and Article I, Section 10 of the Ohio Constitution when the trial court overruled his motion for mistrial.

**GROUND NINE:** The Defendant-Appellant was denied Due Process of Law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution when the trial court instructed the jury regarding the rebuttal witness Sharray McGee.

Petitioner filed an Amendment to his Petition, asserting three more grounds for relief. **GROUND TEN:** Appellate counsel was ineffective for failing to raise the issue of trial counsel's failure to move for the dismissal of juror no. 5 and/or move for mistrial based on juror misconduct during deliberations. Violating appellant's U.S. Constitution 6th and 14th Amendment and Ohio Constitution Article 1, Section 10 and 16.

**GROUND ELEVEN:** Appellate counsel was ineffective for failing to raise the issue of trial court counsel's ineffective assistance for forcing appellant to defend against charges not brought by the grand jury. Violating appellant's U.S. Constitution 5th, 6th, and 14th Amendment and Ohio Const. Article 1, Section 2, 10, and 16.

**GROUND TWELVE:** Ineffective assistance of appellate counsel for failing to raise the issue of trial counsel ineffective assistance for failure to object to prosecutor misconduct. Violating appellant's U.S. Constitution 6th and 14th and Ohio Constitution Article I, Section 10.

On March 17, 2009, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on December 7, 2009. Petitioner filed his Objections to the Report and Recommendation on March 1, 2010.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief

4

if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Respondent asserts that Petitioner's Grounds Ten, Eleven and Twelve have been procedurally defaulted by reason of the fact that they were only raised in Petitioner's Rule 26(B) Application to Reopen his Appeal. The Court of Appeals denied that Application on March 19, 2007. The Application was filed on July 31, 2008, clearly in excess of the ninety-day limit. The Magistrate Judge determined that Petitioner failed to provide good cause for failure to timely file the Rule 26(B) Application to Reopen by applying the factors in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), which delineated a four part approach on habeas corpus for determining whether a petitioner's

5

claim is barred by the failure to observe a state procedural rule.  The Court agrees with the Magistrate Judge that Petitioner's Grounds for Relief Ten, Eleven and Twelve have been procedurally defaulted, and are therefore dismissed.

In Ground One (A), Petitioner challenges his warrantless arrest, and the evidence derived therefrom, as having violated the Fourth Amendment to the United States Constitution. He further alleges that his counsel's failure to challenge his arrest as unlawful constituted ineffective assistance of counsel in violation of his constitutional rights. In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.  As the *Strickland* Court stated, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. at 689; see, also *State v. Hamblin* (1988), 37 Ohio St.3d 153, 524 N.E.2d 476.

The Magistrate Judge points out that the Court of Appeals found that Petitioner's counsel was not ineffective for failing to file a futile Motion to Suppress.  There was reasonable cause to arrest Petitioner and to detain him as a consequence of his having voluntarily surrendered to police, rendering a Motion to Suppress futile.  This Court agrees and, therefore, Ground One (A) is dismissed.

In Ground One (B), Petitioner argues that the trial court violated his constitutional rights by denying his Motion to Suppress the statements he made while in custody, as

6

he was not properly advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). The Court of Appeals rejected that argument and found that Petitioner volunteered the incriminating statement he challenges, and that the trial court correctly denied Petitioner's Motion to Suppress regarding his statements. The Magistrate Judge points out the Court of Appeals found there was overwhelming proof of Petitioner's guilt despite the alleged inadmissible statement.

The Court agrees with the Magistrate Judge that the Court of Appeals correctly determined that Petitioner was properly informed of his *Miranda* rights and he offered his statements voluntarily. The Magistrate Judge correctly concluded that even if Petitioner answered a question prior to having been informed of his Miranda rights, such error was harmless and did not affect the outcome of the trial, and was not contrary to, or an unreasonable application of, clearly established federal law, warranting relief in federal habeas corpus. In his Objection to Magistrate Judge's Report and Recommendation, Petitioner does not provide the Court with any specific disagreement with the Magistrate Judge's conclusions, but simply contends that he never consented to being arrested. Therefore, Ground One (B) is dismissed.

In Grounds Two, Seven and Eight, Petitioner contends the admission of certain evidence at trial violated his constitutional rights, and that the trial court violated his constitutional rights by denying his Motion for Mistrial based upon the admission of that evidence. Respondent asserts that the Court of Appeals properly relied on its own state law regarding its evidentiary rules to determine that such witness testimony established motive. "[E]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal

7

case as to deny the defendant the fundamental right to a fair trial." *Roe v. Baker*, 316 F.3d 557, 567 (6th Cir. 2002).

The Magistrate Judge thoroughly reviewed the record of the Court of Appeals and determined that its rulings are premised entirely on application of state law, as well as on factual determinations entitled to a presumption of correctness which can only be rebutted by clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998); *McQueen v. Scroggy*, *supra* at 1310. The Court agrees that nothing in those rulings was contrary to rulings of the United States Supreme Court on a similar question of law, nor did the state courts decide the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. Therefore, Grounds Two, Seven and Eight are without merit and are dismissed.

In Grounds Three, Six and Nine, Petitioner challenges the instructions of law given by the trial court to the jury. In Ground Three, Petitioner contends that the trial court improperly failed to include a jury instruction on the lesser-included offense of reckless homicide. In Ground Six, Petitioner contends that the trial court improperly failed to instruct the jury that the use of a deadly weapon could be done negligently or recklessly, as well as purposefully. In Ground Nine, Petitioner contends the trial court's instruction to the jury on their consideration of the rebuttal testimony of a witness denied his right to a fair trial.

Issues regarding jury instructions are normally considered to be matters of state law not cognizable in federal habeas corpus. *Brazzell v. Smith*, unreported, Case No. 98-1757, 1999 U.S. App. LEXIS 32248, *9 (6th Cir. December 7, 1999), citing *Henderson v. Kibbe*, 431 U.S. 145 (1977); *Herrington v. Edwards*, unreported, Case No.

8

97-3542, 1999 U.S.App. LEXIS 1220, *18- 19 (6th Cir. January 26, 1999), citing numerous cases. *Accord, Mitzel v. Tate*, 59 F.Supp.2d 705, 719 (N.D.Ohio 1999)(Judge Economus), affirmed, 267 F.3d 524 (6th Cir. 2001), citing *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988) and *Eberhardt v. Bordenkircher*, 605 F.2d 275, 276 (6th Cir. 1979). In order to amount to a constitutional violation the challenged jury instruction must have "infected the accused's trial to such a degree as to constitute a clear violation of due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991), quoting *Cupp v. Naughton*, 414 U.S. 141, 147 (1973). *Accord, Brazzell v. Smith*, supra at *9 and *Herrington v. Edwards, supra*.

After thoroughly reviewing the record of the Court of Appeals, in which it found Petitioner's arguments without merit, the Magistrate Judge concluded Petitioner failed to meet his burden of showing that the Court of Appeals ruling was either contrary to, or involved an unreasonable application of, federal law. The Court agrees there is nothing in the record demonstrating error in the trial court's instructions to the jury. In his Objection to the Magistrate Judge's Report and Recommendation, Petitioner simply restates his assertions that the trial court denied his right to a fair trial. The Court finds Petitioner has failed to meet his burden of showing that the state court ruling was either contrary to, or involved an unreasonable application of, federal law and therefore, Grounds Three, Six and Nine are dismissed.

In Ground Four, Petitioner contends that the trial court erroneously denied his Motion for Judgment of Acquittal, an argument which the Court of Appeals analyzed as a sufficiency of the evidence claim. In Ground Five, Petitioner contends that his conviction was based on insufficient evidence to convict him of Murder. The Magistrate

9

Judge points out that the standard for addressing an argument that a conviction is not supported by sufficient evidence was enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), as follows: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Accord, McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Questions of sufficiency of the evidence are mixed questions of law and fact upon which a writ may be granted only if the adjudication of the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," §2254(d)(1), or was based upon "an unreasonable determination of the facts in light of the evidence presented" at petitioner's trial, §2254(d)(2). *Starr v. Mitchell*, unreported, Case No. 98-4541, 2000 U.S.App. LEXIS 25646,*9-*10 (6th Cir. October 6, 2000).

The Court agrees with the Magistrate Judge's determination that the Court of Appeals thoroughly reviewed Petitioner's claims and found that sufficient evidence existed establishing Petitioner as the perpetrator of the crime, and the evidence presented was sufficient to prove the elements of the crimes charged.  Therefore, Grounds Four and Five are dismissed, as the ruling of the Court of Appeals did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and

Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Date:1/27/2011                    s/Christopher A. Boyko
                                 CHRISTOPHER A. BOYKO
                                 United States District Judge